**BERNER, Plaintiff-Appellee, v DIAMOND, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20401.   Decided March 28th, 1947.

Curry &·McCabe, Cleveland, for plaintiff-appellee.
Wolpaw & Wolpaw, Cleveland, Harrison, Thomas, Spangenburg & Hull, Cleveland, for defendant-appellant.

**OPINION**

By MORGAN, J.:
This was an action by Esther Berner against Leo Diamond to cancel a mortgage.   Later Max Diamond filed a cross-petition for a judgment on the note and a foreclosure of the mortgage.   The trial judge granted plaintiff a decree, cancelled the mortgage and dismissed Max Diamond's answer and cross-petition.

The plaintiff filed her petition on August 12, 1939 against Leo Diamond and set forth that some time prior to November 19, 1932, she signed in blank a mortgage for the property in Shaker Heights in which she and her husband resided. Afterwards the blanks in the mortgage were filled by a recital of the consideration of $8000.00 and the name of Max Diamond as mortgagee. The consideration set forth in the mortgage, namely $8000.00, was never received by her nor was any other consideration given.

The plaintiff alleged further that on August 4, 1936, Max Diamond executed an assignment of the mortgage to the defendant, Leo Diamond, and that this assignment was duly recorded.

On October 25, 1941, plaintiff filed her amended petition making Max Diamond a new party defendant. The amended petition contained substantially the same allegations as the original petition.

On November 8, 1941, Leo Diamond and Max Diamond filed their joint answer in which they admitted the execution of the mortgage and denied all other allegations contained in the petition.

On November 4, 1943, the defendant, Max Diamond, filed an amended answer and cross-petition in which he admitted the execution of the mortgage and denied all other allegations in plaintiff's petition. For his cross-petition Max Diamond set forth a cause of action against the plaintiff, Esther Berner, and her husband, Harry Berner, new party defendant, on a note for $8000.00 executed on November 19, 1932 and due and payable November 19, 1937. He alleged that after the execution and delivery of said note the original instrument was lost or misplaced and after diligent search he has been unable to find the same.

The second cause of action was for a foreclosure of the mortgage securing the note.

In December, 1943, plaintiff filed her answer to the cross-petition of Max Diamond in which she denied all the essential allegations of the cross-petition.

On Jan. 5, 1944, defendant, Harry Berner, filed his answer to the cross-petition of Max Diamond. In this answer he denied the execution of any note and denied the execution of the mortgage as alleged in the second cause of action of Max Diamond's cross-petition.

The answer of Harry Berner also contained the following:

"Further answering this defendant says that on November 19, 1932, and for some time prior and subsequent thereto,

he was the owner of and he and the plaintiff harbored a Doberman Pinscher; that the said dog had at times prior to November 19, 1932, bitten different persons as a result of which claims for damages were made against this answering defendant, and as a result of which this answering defendant was compelled to pay considerable sums in damages; that this answering defendant sought to protect the premises which are the subject of this action from the possibility of any judgments against the plaintiff as the harborer of the said dog becoming liens against the said premises and after consulting with his attorney was advised to encumber the said property with an alleged mortgage to the defendant, Max Diamond, in the sum of Eight Thousand Dollars ($8000.00);  *  *  *This answering defendant further says that he was not at that time indebted to the defendant Max Diamond, in the sum of Eight Thousand Dollars ($8000.00) or any other sum whatsoever; that the said mortgage was not delivered for the purpose of securing the payment of any debt whatsoever, but solely for the convenience of this defendant as hereinbefore set forth; that the said instrument was executed and delivered without any considration whatsoever; that the said instrument was never delivered to the defendant, Max Diamond, but left in the office of his attorney who was to retain the possession of this instrument solely for this answering defendant and as the property of this answering defendant and not for the defendant, Max Diamond, to be returned to him at his request; that thereafter on several occasions this answering defendant requested the return of the said alleged mortgage deed but that the said attorney failed and refused to deliver the said instrument to him."

The evidence at the trial disclosed that Harry Berner, plaintiff's husband, and the defendant Max Diamond, were associated for some years on and after 1930 or 1931 in a large bootlegging venture. Both of them were sentenced to prison, although Max Diamond's conviction was reversed.

It was the contention of Max Diamond that he loaned some $27,000.00 to Harry Berner. That when the partnership was about to break up he insisted on some security for a part of the loan and that accordingly he was given a mortgage on Berner's house held in the name of Berner's wife, Esther Berner.

It is the contention of the Berners that the mortgage was not given to secure such a loan but that on the contrary it was given as a "convenient" mortgage to prevent any of Berner's creditors from reaching the home property to secure the

508

payment of their claims. The Berners maintained that no money passed from Max Diamond to Berner by way of a loan but that any money paid by Max Diamond to Berner represented Berner's share in the profits of the bootlegging business which for some years was over $100,000.00 a year.

The plaintiff testified that she and her husband owned a vicious dog named "Bozo" which had bitten a number of people and that after they had been compelled to pay a judgment of $2000.00 as a result of a law suit filed by a small child who had been bitten they conferred with Berner's partner, Max Diamond, who referred them to his lawyer. This lawyer suggested that a "convenient" mortgage be placed on the property in the name of some person whom the Berners could trust. Accordingly such a "convenient" mortgage for $8000.00 running to Max Diamond was placed on the home but for the purpose stated and for no other reason.

As to plaintiff's right to have the mortgage cancelled, it is elementary that when the plaintiff mortgaged her property to accomplish such an illegal purpose as above described a court of equity will not aid the plaintiff to free the property from the mortgage.

**Pride v Andrew, 51 Oh St 405; Kihlken v Kihlken, 59 Oh St 106.**

This disposes of plaintiff's claim for cancellation of the mortgage.

The stories told by Esther Berner and Harry Berner on the one hand, and Max Diamond on the other, are diametrically opposite. The trial judge evidently believed in the truth of the version given by Esther Berner and Harry Berner. Clearly, if their story is believed, Max Diamond has no right to recover on the note and mortgage.

We do not consider it necessary to consider the evidence in the case in great detail beyond stating that it is a wise judge who can sift the full truth where there has been so much lying. The burden of proof rests on Max Diamond to prove the allegations of his cross-petition and it is our finding that he has failed to sustain this burden and therefore must fail in his cross-petition. In a case such as is disclosed here a court of equity can do nothing better than to leave the parties where it finds them.

Accordingly, judgment will be rendered for the defendants on plaintiff's petition and for the plaintiff and Harry Berner on the cross-petition of the defendant Max Diamond.

HURD, PJ, and SKEEL, J, concur.